UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICKEL A. DUVERGER,

        Plaintiff,

v.

CONNECTICUT FAMILY ORTHOPEDICS,

        Defendant.

No. 3:13 - CV - 488 (CSH)

APRIL 25, 2013

**ORDER**

HAIGHT, Senior District Judge:

Plaintiff Mickel Duverger has filed a motion to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915, and the requisite supporting financial affidavit. Doc. #2. In considering the motion, the Court has reviewed the appended financial affidavit and determined that it lacks sufficient detail and accuracy to enable the Court to make a reasoned ruling on the motion.

"[I]t is well established that the ability to proceed IFP is a privilege, not a right, and that the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not being abused." *Waters v. King*, No. 11 CIV. 3267(JMF), 2012 WL 1889144, at *3 (S.D.N.Y. May 24, 2012) (internal quotations and citation omitted). Moreover, courts within this Circuit have consistently recognized the importance of a comprehensive and accurate financial affidavit for proper consideration of an IFP motion. *See, e.g., Vann v. Comm'r of N.Y. City Dept. of Corr.,* 496 F. App'x 113, 115 (2d Cir. 2012) ("dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff

conceals or misrepresents his or her financial assets or history in bad faith to obtain in forma pauperis status); *Bey v. Syracuse,* 155 F.R.D. 413, 413-14 (N.D.N.Y. 1994) (denying IFP motion and dismissing action "[b]ecause plaintiffs have not submitted an affidavit which this court considers statutorily sufficient"); *Fuentes v. Tilles*, No. 3:09mc79(WIG), 2009 WL 1043872, at * 1 (D.Conn. Mar. 27, 2009) (cautioning plaintiff that discrepancies in his three financial affidavits suggest that he "has not taken [seriously] his obligation to complete this sworn financial affidavit as accurately as possible").

In the case at bar, the Court has noted a number of omissions and inaccuracies in Plaintiff's financial affidavit.  First, Plaintiff indicates that he receives "social security," "disability," or "workers' compensation" of "$492" weekly.  Doc. #2, p. 3.  He fails, however, to specify which of these particular benefits he receives or whether $492 is an aggregate sum for all three.  Second, Plaintiff includes that he owns a 2012 Nissan Altima but lists its value at $2,000, an amount so low as to strain credibility.[1]  *Id.*, p. 4.  Third, Plaintiff specifies that he owns "100 shares" of stock with "the ticker symbol" of "DDD."  *Id.*, p. 4.  He does not, however, provide the name, value, yield and/or income from said shares of stock.  Fourth, Plaintiff provides a "[t]otal amount of monthly obligations" of "$150," an amount patently inconsistent with the various itemized expenses he has listed above that total.  *Id.*, p. 4-5.  Fifth, with respect to "[o]ther information pertinent to financial status," Plaintiff has inserted what appears to be "Gas $500 monthly."  *Id.*, p. 5.  The Court cannot discern the meaning of this entry – whether it indicates, for example, gasoline expenses for his motor

---

[1] For example, the Kelly Blue Book value of a 2012 Nissan Altima is listed at $19,526. *See* www.kbb.com/nissan/altima/2012-nissan-altima/25/ . Moreover, a brief perusal of the category "Used Nissan Vehicles for Sale" indicates that a used vehicle of this year and model commonly sells for approximately $13,500 to $21,995. www.kbb.com/cars-for-sale/cars/used-cars/nissan/altima .

vehicle, natural gas as a utility, gas or gasoline stocks, or something else.[2]

Given the inaccuracies and ambiguities contained in his financial affidavit, the Court hereby directs Plaintiff to file an amended, fully detailed and accurate, financial affidavit on or before **May 16, 2013**. Such affidavit must both supplement his financial information and correct any inaccuracies contained in the previously filed affidavit. If Plaintiff fails to comply with this Order, his IFP motion will be denied as lacking a sufficient factual basis.

It is SO ORDERED.

Dated: New Haven, Connecticut
       April 25, 2013

       /s/Charles S. Haight, Jr.
       CHARLES S. HAIGHT, JR.
       SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Adding to the mystery is Plaintiff's notation that he pays "$0" next to "Gas bill per month." Doc. #2, p. 4.